UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROL JORDAN, | No. 2:17-cv-1114 GEB CKD P |
| Plaintiff, | |
| v. | ORDER |
| VARGAS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the claim arose in Monterey County, which is in the Northern District of California. Therefore, plaintiff's claim should have been filed in the United States District Court

/////

/////

1

for the Northern District of California.[1]  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

Dated: June 27, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/rh
jord1114.21

---

[1] It appears one of the defendants, defendant Kernan, may reside within the Eastern District. However, plaintiff fails to state a claim upon which relief can be granted against defendant Kernan. Plaintiff does not allege defendant Kernan had any direct involvement in any violation of plaintiff's rights. It appears Kernan was named as a defendant simply because he is the Director of the California Department of Corrections and Rehabilitation. However, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).