UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROL JORDAN,<br><br>    Plaintiff,<br><br>v.<br><br>VARGAS, et al.,<br><br>    Defendants. | Case No. 17-cv-03706-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges the following:

Plaintiff was assigned to a job as a janitor/porter at SVSP. His supervisor was defendant correctional officer Vargas. For several months prior to the incident at issue in the present action, Vargas had been falsifying plaintiff's time card such that plaintiff was being given credit for work that Vargas was not permitting plaintiff to actually perform. Specifically, Vargas would order working inmates out of the building they were assigned to report to for work duty and would send them to the exercise yard so that Vargas did not have to supervise them. After plaintiff complained about this practice, Vargas retaliated by setting up an altercation between plaintiff and another inmate. Vargas conspired with defendant correctional officers M. Garcia and M. Alverez to stage the altercation.

1  On April 2, 2017, plaintiff showed up to work, and Vargas once again forced plaintiff to leave his prison-assigned janitor/porter job and go to the exercise yard. Plaintiff sat down in the exercise yard and began playing cards with some other inmates. While plaintiff was playing cards, another inmate, inmate Carr, approached plaintiff from behind without warning and proceeded to punch plaintiff several times in the back of plaintiff's head and on the side of his face. Carr was known to be a violent gang member. The punches broke plaintiff's jaw and left plaintiff unconscious. Garcia came over and handcuffed plaintiff and place him in a holding cage. Garcia, Vargas, and Alverez also handcuffed Carr and placed him in a holding cage next to plaintiff's holding cage. Plaintiff requested medical treatment, but he was merely escorted back to his cell. Thirty minutes later, Alverez approached plaintiff's cell and forced plaintiff to sign a document under threat of subjecting plaintiff to further punishment. Plaintiff was still not given medical attention despite his obvious injuries.

The following day, April 3, 2017, plaintiff was released from his cell, and he reported to work so as not to receive a rules violation report. Vargas once again refused to permit plaintiff to stay inside and sent plaintiff to the exercise yard. Plaintiff proceeded to the yard and waited to be called to the medical clinic for treatment. While plaintiff was waiting in the yard, Carr was again released onto the yard and attacked plaintiff a second time. Plaintiff tried to run away, but Carr proceeded to beat, kick, and punch plaintiff as Garcia, Vargas, and Alvarez looked on. Other inmates broke up the fight. When plaintiff came to, he was in an ambulance on his way to the prison hospital. The doctor who examined plaintiff ordered him immediately sent to the emergency room at Natividad Medical Center. X-rays taken at the emergency room showed jaw bone and facial fractures as well as a hematoma from head injuries. Plaintiff received emergency surgery.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of

2

the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

Liberally construed, the allegations of the complaint state a Section 1983 for deliberate indifference to safety, deliberate indifference to serious medical needs, and conspiracy as against defendants Vargas, Alverez, and Garcia.

As noted, plaintiff also alleges retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Prisoners may not be retaliated against for exercising

3

their First Amendment right of access to the courts, which right extends to a prisoner's use of established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (holding First Amendment guarantees right to seek redress of grievances from prison authorities). Thus, a prisoner may not be retaliated against for using such procedures. *Id.*; *see Rhodes*, 408 F.3d at 567 (holding that without constitutional guarantees of right to file grievances and initiate court actions, "inmates would be left with no viable mechanism to remedy prison injustices"). Here, plaintiff has not alleged facts showing he was using established prison grievance procedures when he complained of Vargas's falsifying of time cards, preventing plaintiff from completing his work shift. The Court is therefore unable to determine whether plaintiff was exercising his constitutionally protected First Amendment right of access to the courts when he made the complaint. Plaintiff will be given leave to amend to allege facts that cure the noted pleading deficiencies with respect to his claim that he was retaliated against.

Plaintiff also names CDCR Director Scott Kernan, SVSP Warden W.L. Muniz, Chief Medical Officer Lawrence Gamboa, and Medical Doctor Carl Bourne as defendants, but provides no facts linking them to his allegations of wrongdoing. If plaintiff can, in good faith, allege facts to establish liability against these defendants, he may do so in his amended complaint. Plaintiff is advised that a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).

Plaintiff alleges that defendants have violated various sections of the California Penal Code. The claims are not cognizable here because there is no private right of action for the violation of criminal statutes. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

Finally, plaintiff seeks to invoke the supplemental jurisdiction of this court to address his claim that the actions of the defendants violated California tort law. Plaintiff fails to plead either the state law under which he seeks to proceed or to address the immunities barring state tort

4

actions against public employees.[1] Accordingly, the claim is dismissed with leave to amend to state with specificity the state cause(s) of action under which plaintiff seeks to proceed and to allege facts linking defendants to his state cause(s) of action.

## CONCLUSION

The complaint states a cognizable Section 1983 claim against defendants Vargas, Alverez, and Garcia for deliberate indifference to safety, deliberate indifference to serious medical needs, and conspiracy. Leave to amend will be granted so that plaintiff may attempt to cure the pleading deficiencies discussed in this order in an amended complaint. The amended complaint must be filed within **thirty (30)** days from the date of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (17-3706 HSG (PR)) and the words AMENDED COMPLAINT on the first page. The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

If plaintiff does not wish to file an amended complaint, he shall so inform the Court within **thirty (30)** days from the date of this order. Failure to file the amended complaint by the deadline will result in the dismissal of all claims except the claims found cognizable above.

**IT IS SO ORDERED.**

Dated: 9/6/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Under California law, a public employee is not liable for injury caused by his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion was abused. Cal. Govt. Code § 820.2; *see also, Id.* § 844.6 (California laws provide immunity for public entities from suit for injury to a prisoner).

5