UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROL JORDAN,<br><br>    Plaintiff,<br><br>v.<br><br>VARGAS, et al.,<br><br>    Defendants. | Case No. 17-cv-03706-HSG (PR)<br><br>**ORDER OF SERVICE; DENYING AS UNNECESSARY MOTIONS TO AMEND COMPLAINT**<br><br>Re: Dkt. Nos. 17, 18 |

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed with leave to amend and he has filed an amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

The amended complaint alleges the following:

Plaintiff was assigned to a job as a housing unit porter at SVSP. His supervisor was defendant correctional officer Vargas. For several months prior to the incident at issue in the present action, Vargas had been falsifying plaintiff's time card such that plaintiff was being given credit for work that Vargas was not permitting plaintiff to actually perform. Plaintiff informed Vargas that he planned to submit an inmate complaint if Vargas would not allow plaintiff to perform his assigned duties. Shortly after, several inmates approached plaintiff to convince him that he should stop pursuing the matter.

On April 1, 2017, plaintiff showed up to work, and Vargas ordered plaintiff to exit the building and remain on the exercise yard. On April 2, 2017, plaintiff again reported to his work assignment and was again ordered to exit the housing unit. Plaintiff did so and sat on the concrete directly in front of the housing unit where he proceeded to play cards with several other inmates.

While plaintiff was playing cards, another inmate, inmate Carr, approached plaintiff and proceeded to punch plaintiff several times in plaintiff's head and on the side of his face. Carr was known to be a gang member. The punches broke plaintiff's jaw and left plaintiff unconscious. Defendant correctional officer Garcia responded to the incident. He handcuffed plaintiff and placed him in a holding cell. Carr was placed him in a holding cell next to plaintiff's holding cell. Garcia did not call for medical personnel to attend to plaintiff. Plaintiff requested medical treatment, but he was merely escorted back to his cell.

Thirty minutes later, defendant correctional sergeant Alverez approached plaintiff's cell and threatened plaintiff with further acts of violence if plaintiff continued to complain about staff. Plaintiff asked for medical attention, but Alvarez stated that plaintiff would first have to sign a form stating that he did not "have any problem with an inmate Carr." Plaintiff signed the document and again requested medical attention. Alverez did not call for medical personnel to attend to plaintiff.

The following day, April 3, 2017, plaintiff again reported to his job assignment. Vargas informed plaintiff that he was not needed and that he should return to his cell or go out to the yard. Plaintiff asked Vargas to call for medical personnel, and Vargas responded that plaintiff would have to go out and find medical attention on the yard. Plaintiff began walking toward the Facility D program area, and while waiting to gain access to the area, Carr ran up to plaintiff and struck plaintiff several times in the jaw before plaintiff again lost consciousness.

As a result of the attacks, plaintiff suffered multiple facial fractures and a hematoma.

**DISCUSSION**

**A.      Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police*

2

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Prisoners may not be retaliated against for exercising their First Amendment right of access to the courts, which right extends to a prisoner's use of established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (holding First Amendment guarantees right to seek redress of grievances from prison authorities). Thus, a prisoner may not be retaliated against for using such procedures. *Id.*; *see Rhodes*, 408 F.3d at 567 (holding that without constitutional guarantees of right to file grievances and initiate court actions, "inmates would be left with no viable mechanism to remedy prison injustices").

3

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

Deliberate indifference to a serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

Liberally construed, the allegations of the amended complaint state Section 1983 claims for retaliation, deliberate indifference to safety, and deliberate indifference to serious medical needs as against defendants Vargas and Alverez. The allegations also state a Section 1983 claim for deliberate indifference to serious medical needs as against defendant Garcia.

Plaintiff also alleges conspiracy. A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds

4

in an unlawful agreement. *Id.* To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *Id.* A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions. *Id.* at 856-57. Conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id.* Conspiracy may, however, enlarge the pool of responsible defendants by demonstrating their causal connection to the violation; the fact of the conspiracy may make a party liable for the unconstitutional actions of the party with whom he has conspired. *Id.*

Liberally construed, the allegations of the amended complaint state a Section 1983 claim for conspiracy as against defendants Vargas and Alverez.

The amended complaint also names as defendants CDCR Director Scott Kernan, SVSP Warden W.L. Muniz, and SVSP Correctional Captain N. Gonzalez. Because there is no vicarious liability under section 1983 and because plaintiff does not include allegations otherwise connecting these defendants to his claims, defendants Kernan, Muniz, and Gonzalez are dismissed. The caption of the amended complaint also lists a defendant Davis, but plaintiff does not later include Davis in the section of the amended complaint identifying defendants (dkt. no. 19 at 5-6), and does not otherwise present any facts regarding Davis. Defendant Davis is therefore also dismissed. Dismissal of these defendants is without leave to amend because plaintiff has already been given an opportunity to amend, and it appears that further amendment would be futile.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's amended complaint states cognizable claims as against defendants M. Alverez, Vargas, and Garcia. The Clerk shall terminate all other defendants.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (dkt. no. 19) and a copy of this order upon **Correctional Sergeant M. Alverez**, **Correctional Officer Vargas**, **and Correctional Officer**

5

**Garcia** at **Salinas Valley State Prison**. The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

    3. In order to expedite the resolution of this case, the Court orders as follows:

        a. No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due.

        b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified *Wyatt* notice in light of *Albino*. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every

pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

10. Plaintiff's motions to amend the complaint (dkt. nos. 17, 18) are DENIED as unnecessary as plaintiff was already granted leave to amend prior to filing his amended complaint.

This order terminates docket nos. 17 and 18.

**IT IS SO ORDERED.**

Dated: 12/28/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

8