UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROL JORDAN, <br> Plaintiff, <br> v. <br> VARGAS, et al., <br> Defendants. | Case No. 17-cv-03706-HSG (PR) <br><br> **ORDER DENYING MOTION TO PRODUCE DOCUMENTS** <br><br> Re: Dkt. No. 25 |

Plaintiff has filed a "motion to produce documents." Plaintiff is advised that the court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy being sent to the court. *See* Fed. R. Civ. P. 5(d)(1) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). In sum, plaintiff must send discovery requests directly to defense counsel and not to the court.

To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

The "motion to produce documents" is DENIED because there is no indication that plaintiff served a discovery request on defendants or that the meet-and-confer process was accomplished before the motion was filed. The parties must pursue the meet-and-confer process before the court will entertain any motion to compel. Should plaintiff believe a motion to compel is necessary in the future, plaintiff must include a copy of the request for discovery in his motion to compel, and must include a certification that describes, in detail, plaintiff's efforts to meet and confer, as well as defendants' responses. The parties are reminded that they must put forth a good faith effort to resolve discovery disputes and shall be thorough and specific in their communications with each other.

This order terminates Docket No. 25.

**IT IS SO ORDERED.**

Dated: 2/26/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge