UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROL JORDAN,<br><br>    Plaintiff,<br><br>v.<br><br>VARGAS, et al.,<br><br>    Defendants. | Case No. 17-cv-03706-HSG (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR DEFENDANT GARCIA; GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME**<br><br>Re: Dkt. No. 29 |

Plaintiff, an inmate at Salinas Valley State Prison proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On December 28, 2017, the Court screened plaintiff's amended complaint and found that it stated cognizable claims for retaliation, deliberate indifference to safety, and deliberate indifference to serious medical needs as against defendants SVSP correctional officers Vargas and Alvarez as well as a claim for deliberate indifference to serious medical needs as against defendant SVSP correctional officer Garcia. On May 1, 2018, the summons for defendant Garcia was returned unexecuted with the following remark by the United States Marshal: "USM/CDCR unable to identify specific defendant. Insufficient information." Dkt. No. 27. Accordingly, defendant Garcia has not been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Garcia. Consequently, plaintiff must remedy the situation or face dismissal of

defendant Garcia from this action without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Because the amended complaint has been pending for over 90 days, the Court will *sua sponte* grant plaintiff an extension of time to effect service on defendant Garcia.

Accordingly, within **sixty (60)** days of this order**,** plaintiff must effect service on defendant Garcia, or submit to the Court sufficient information to identify and locate defendant Garcia such that the Marshal is able to effect service. **If plaintiff fails to provide the court with the information requested within sixty (60) days of the date this order is filed, plaintiff's claim against defendant Garcia will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

Defendants Vargas and Alvarez have appeared in this action and have filed a motion for an extension of time to file a dispositive motion. Good cause appearing, the motion is GRANTED. The briefing schedule set forth in the Court's December 28, 2017 order is VACATED. The Court will issue a new briefing schedule for dispositive motions when all service issues have been resolved.

The Clerk shall correct the spelling of defendant Alvarez's name on the docket by substituting "Alvarez" for "Alverez."

This order terminates Dkt. No. 29.

**IT IS SO ORDERED.**

Dated: 6/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge